Report Date: June 10, 2019

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: William Clinton Palmer | Case Number: 0980 2:17CR00104-SAB-1 |
| Address of Offender: (Homeless), | Spokane, Washington 99201 |

Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, U.S. District Judge

Date of Original Sentence: January 11, 2018

| | | | |
|---|---|---|---|
| Original Offense: | Failure to Register, 18 U.S.C. § 2250(a) | | |
| Original Sentence: | Prison - 27 months<br>TSR - Life | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: May 14, 2019 | |
| Defense Attorney: | Colin G. Prince | Date Supervision Expires: Life | |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| | **Supporting Evidence**: On June 9, 2019, William Palmer violated the conditions of his supervision by changing his residence without the undersigned's advance approval. |
| | On May 15, 2019, an officer from the U.S. Probation Office (USPO) in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Palmer as outlined in the judgement and sentence. He signed a copy acknowledging the requirements. |
| | On June 4, 2019, Mr. Palmer informed the U.S. Probation Office that he had moved in with a woman, despite being previously instructed by this officer to remain at the House of Charities shelter until an alternate residence could be inspected and approved. The residence was temporarily approved in this officer's absence, as it was considered a more stable alternative to the homeless shelter where he was previously residing. |

On June 10, 2019, this officer attempted to contact the female Mr. Palmer had moved in with. She informed this officer that the offender was no longer welcome to stay with her. She explained that on June 9, 2019, Mr. Palmer became sexually aggressive with her, and when she declined his advances, she claimed that he slapped her in the face. The woman advised this officer that she did call Crime Check, but did not file a report.

The woman informed this officer that she has not seen or heard from Mr. Palmer since the incident occurred. As of the writing of this report, the offender's whereabouts are unknown.

2  **Special Condition # 9**: You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

**Supporting Evidence**: On May 28, 2019, William Palmer violated the conditions of his supervision by failing to schedule a sex offender assessment and polygraph, despite being instructed to do so on multiple occasions.

On May 15, 2019, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Palmer as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

On May 15, 2019, this officer instructed Mr. Palmer to contact Priscilla Hannon to schedule a sex offender assessment, as required by the conditions of his federal supervision. He was also informed of his requirement to submit to a polygraph, to be administered by Lawrence Kuicemba.

Per the offender's request, the undersigned officer provided him with a list of the treatment providers he was to contact, their area of expertise, as well as their phone numbers as a reminder of the appointments he was to schedule. Mr. Palmer was further instructed to contact the undersigned officer with the date and time of the appointments once they were scheduled, and he stated he understood.

On May 28, 2019, William Palmer reported to the U.S. Probation Office for his weekly check-in with this officer. This officer again inquired if he had contacted the treatment providers to schedule his appointments, but he advised that he forgot. This officer again offered to provide him with the name and contact information of those providers, however, he declined. Mr. Palmer was instructed to contact this officer later that date to follow-up. This officer has not seen or heard from the offender since.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 06/10/2019

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

6/11/2019

Date