PROB 12C
(6/16)

Report Date: December 2, 2020

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 03, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: William Clinton Palmer, III | Case Number: 0980 2:17CR00104-SAB-1 |
| Address of Offender: | Spokane, Washington 99201 |

Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Court Judge

Date of Original Sentence: January 11, 2018

| | | |
|---|---|---|
| Original Offense: | Failure to Register, 18 U.S.C. § 2250(a) | |
| Original Sentence: | Prison - 27 Months;<br>TSR - Life | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(October 16, 2019) | Prison - 5 Months;<br>TSR - Life | |
| Revocation Sentence:<br>(December 16, 2019) | Prison - 4 Months;<br>TSR - Life | |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: March 20, 2020 |
| Defense Attorney: | Colin G. Prince | Date Supervision Expires: N/A |

## PETITIONING THE COURT

**To issue a SUMMONS.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: Mr. William Palmer is alleged to have violated standard condition number 13 by failing to contact the undersigned officer as previously directed on multiple occasions, to include November 9, 16, 23 and 30, 2020.<br><br>On March 25, 2020, the undersigned officer telephonically reviewed conditions of supervised release relative to 2:17CR00104-SAB-1 with Mr. Palmer. Mr. Palmer indicated he understood all conditions as ordered by the Court and the conditions were signed electronically by the undersigned officer on his behalf and with his approval given the current COVID-19 pandemic. Specifically, Mr. Palmer was made aware by his U.S. probation officer that he was required to follow all instructions provided to him by the undersigned officer related to his conditions of supervised release. |

Prob12C
Re: Palmer III, William Clinton
December 2, 2020
Page 2

Specifically, on July 2, 2020, Mr. Palmer was directed by the undersigned officer to begin calling in every Monday to check in with the undersigned officer as to his current level of progress within the community. It should be noted that Mr. Palmer has, since the original directive, been reminded of the obligation on numerous occasions by the undersigned officer, to which Mr. Palmer consistently commits. Mr. Palmer was most recently reminded of the requirement on November 24, 2020, during the undersigned officer's most recent contact with the client.

Mr. Palmer has since failed to contact the undersigned officer as previously directed on November 9, 16, 23 and 30, 2020, with the client stating during subsequent telephonic and personal home contacts with the undersigned officer that he thought he had in fact called in on the days in question.

2        **Special Condition #12**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. William Palmer is alleged to have violated special condition number 12 by failing to report to the contract provider in Spokane for urinalysis testing as previously directed by the undersigned officer on both November 19 and 24, 2020.

On March 25, 2020, the undersigned officer telephonically reviewed conditions of supervised release relative to 2:17CR00104-SAB-1 with Mr. Palmer. Mr. Palmer indicated he understood all conditions as ordered by the Court and the conditions were signed electronically by the undersigned officer on his behalf and with his approval given the current COVID-19 pandemic. Specifically, Mr. Palmer was made aware by his U.S. probation officer that he was required to submit to urinalysis testing when directed by the undersigned officer.

Specifically, and during both a phone call and a personal home contact with the client as previously occurring on November 17, 2020, Mr. Palmer was directed to report for both polygraph and urinalysis testing on November 18, 2020, to which Mr. Palmer committed. It should be noted that transportation had been previously arranged for Mr. Palmer relative to the scheduled appointments.

On November 18, 2020, at 3:10 p.m., the undersigned officer received a phone call from the client's assigned residential social service coordinator ,who allowed the undersigned officer to speak with the client. The client noted he had been prepared to submit to urinalysis testing on the day in question, but due to the length of the polygraph test, he no longer felt that he could provide a urinalysis sample for testing in a timely manner. Mr. Palmer instead requested he be able to submit to urinalysis testing the following day, November 19, 2020. It should be noted that the client's residential social service coordinator was able to confirm as a part of the call that she could additionally assist the client with transportation on the day in question. Mr. Palmer was subsequently directed to report to the contract provider on November 19, 2020, for urinalysis testing and he committed to reporting.

On November 20, 2020, the undersigned officer received notification from the contract urinalysis testing provider in Spokane that the client had failed to appear for urinalysis testing as previously directed on November 19, 2020. A message was subsequently left for the client on the day in question with his current housing provider requesting a return call from the client, and staff committed to putting the message in the client's mailbox. In addition, the

undersigned officer was able to speak with the client's assigned residential social service coordinator, who advised the client had been away from the residence for the majority of the day on November 19, 2020, but upon his return she confronted him on reporting for urinalysis testing, at which time he advised her that he would just do it tomorrow. Mr. Palmer was directed by the provider to contact the undersigned officer as to the request. The provider further indicated that she again approached the client on November 20, 2020, in an effort to offer the client transportation for urinalysis testing at which time he advised her he would instead submit to urinalysis testing on Monday. Mr. Palmer was again directed by the provider to contact the undersigned officer.

On November 24, 2020, the undersigned officer received a phone call from the client who advised that he was unable to previously report for urinalysis testing due to schedule conflicts. Mr. Palmer was unable to describe the events that resulted in the conflicts and had no justification as to why he had not previously contacted the undersigned officer as to his alleged need to miss urinalysis testing. Mr. Palmer was again directed to report for urinalysis testing on the day in question and he committed to doing so.

On November 25, 2020, the undersigned officer again received notification from the contract provider that the client had again failed to report to the contract provider for urinalysis testing as previously directed on November 24, 2020. A message left for the client with his current housing provider on November 30, 2020, has since gone without response.

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    December 2, 2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

### THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

12/3/2020
Date